# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT CLOUD,                          :

           Petitioner,        :        CIVIL ACTION  NO. 3:10-1242

   v.                                  :              **(NEALON, D.J.)**
                                **(MANNION, M.J.)**

DAVID EBBERT,                          :

           Respondent.        :

## REPORT AND RECOMMENDATION[1]

On June 14, 2010, the petitioner, Robert Cloud, an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. ( Doc. No. 1-1). Named as sole respondent is David Ebbert, "doing business as United States Department of Justice." *Id.* On July 13, 2010, the petitioner paid the appropriate filing fee. *Id.*

As such, the petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.foll. §2254, as made applicable to §2241 cases by Rule 1 thereof. For the reasons set forth below, the court will recommend that the petition be **DISMISSED.**

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

## I.    BACKGROUND

Petitioner Robert Cloud alleges that on May 12, 2010, he reported to the insulin line at health services, and that he was instructed by a paramedic that he was not going to receive insulin. (Doc. No. 1-1 at 3). Petitioner responded that he would return to health services later in the day to see the doctor in order to be placed back on the insulin line. *Id.*

As petitioner was leaving health services, and was near the pharmacy window, he again stated "I will be back later and see the doctor." *Id.* at 3-4. Petitioner then looked towards Nurse Cost who was standing near the pharmacy window and allegedly stated "I will get you." *Id.* at 4. Based on this incident, petitioner was charged with "Threatening Another with Bodily Harm." *Id.* at 10.

The petitioner has attached the Discipline Hearing Officer ("DHO") Report as an exhibit to his habeas petition. The DHO Report indicates that a disciplinary hearing was held on May 27, 2010. *Id.* At the hearing, the petitioner confirmed that he understood his rights, and then waived his rights to a staff representative and witness testimony. *Id.* The only evidence provided by petitioner was the following statement, "I didn't say that to the nurse, I said that I would get my insulin pass back but I never said I would get

her." *Id.*

In addition to petitioner's statement, the DHO relied upon documentary evidence, including, Incident Report 20143318 from Nurse Cost, an investigation, and a memorandum from the paramedic, Mr. Weidlich. (Doc. No. 1-2 at 1). The gravamen of Nurse Cost's Incident Report was that the petitioner stated "that is messed up, don't worry, I will get you." *Id.* Nurse Cost stated that she viewed this statement as a threat that petitioner intended to physically harm her and that she felt her safety was in jeopardy. *Id.* The memorandum from Mr. Weidlich corroborated Nurse Cost's Incident Report. *Id.*

After considering petitioner's statement and the documentary evidence:

> The DHO believed the information provided by the staff members involved in this case, as they derived no known benefit by providing false information. The DHO finds the charge to be substantiated based on the greater weight of evidence as well as the supporting documentation from staff. The inmate's statement was perceived by staff as threatening in nature.

*Id.*

Consequently, the DHO imposed the following sanctions: thirty days of disciplinary segregation, disallowance of seventeen days of good conduct time, forfeiture of sixty days of non vested good conduct time and an eight month loss of phone and visitation privileges. (Doc. No. 1-1 at 11).

On June 14, 2010, the petitioner filed the instant section 2241 habeas petition in which he takes issue with the revocation of his good conduct time. *Id.* at 5. He asserts that his good conduct time was removed in violation of his due process rights. *Id.*

II.     **DISCUSSION**

The Supreme Court has established a set of minimum procedural protections that must apply to prison disciplinary proceedings when, as in this case, a prisoner's good-time credit is at stake. *See Jackson v. Sneizek*, 342 Fed. Appx. 833, 836 (3d Cir. 2009) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Specifically, the Supreme Court held that where a disciplinary hearing may result in the revocation of good-time credit, an inmate must receive: (1) written notice at least twenty-four (24) hours before the hearing; (2) an opportunity to present witnesses and documentary evidence; (3) aid in presenting a defense if the inmate is illiterate; (4) an impartial tribunal; and (5) a written statement of the decision by the factfinder. *Wolff*, 418 U.S. at 566-72.

Moreover, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison

disciplinary board are supported by some evidence in the record."
*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (internal
quotation marks and citation omitted). *See also* 28 C.F.R. §541.17(f). In *Hill*,
the Court noted that the relevant question is whether there is "any evidence
in the record that could support the conclusion reached by the disciplinary
board." *Hill*, 427 U.S. at 455-56. *See Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir.
1992). To the extent that there is "some evidence" to support the decision of
the hearing examiner, the court must reject any evidentiary challenges by the
plaintiff. *Id.* Thus, "[t]he fundamental fairness guaranteed by the Due Process
Clause does not require courts to set aside decisions of the prison
administrators that have some basis in fact." *Hill*, 472 U.S. at 456.

Here, the petitioner asserts that the DHO proceedings violated his due
process rights because pursuant to 28 C.F.R. §541.17(f), a DHO's decision
must be based on "some facts," and, here, the DHO decision was not based
on "some facts" or evidence.[2] Specifically, petitioner asserts that the decision

---

[2] 28 C.F.R. §541.17(f) provides:

The DHO shall consider all evidence presented at the hearing.
The decision of the DHO shall be based on at least some facts,
and if there is conflicting evidence, it must be based on the
greater weight of the evidence. The DHO shall find that the
inmate either:

by the DHO is void because no witnesses testified during the hearing to provide facts. As such, petitioner contends that although the DHO documented what evidence was used in reaching a decision, the "some evidence standard" to support the disciplinary decision had not been met due to the lack of witnesses. Consequently, he claims that he did not receive the minimum procedural due process protection that he was entitled to.

The court disagrees with petitioner. The DHO report submitted by petitioner indicates that he was advised of his rights before the DHO and that he waived his right to call witnesses. As such, the DHO report clearly

---

(1) Committed the prohibited act charged and/or a similar prohibited act if reflected in the Incident Report; or

(2) Did not commit the prohibited act charged or a similar prohibited act if reflected in the Incident Report.

When a disciplinary decision is based on confidential informant information, the UDC or DHO shall document, ordinarily in the hearing report, the finding as to the reliability of each confidential informant relied on and the factual basis for that finding. When it appears that this documentation in the report would reveal the confidential informant's identity, the finding as to the reliability of each confidential informant relied on and the factual basis for that finding shall be made part of the hearing record in a separate report, prepared by the UDC chairman or DHO, not available to the inmate.

indicates that the petitioner did not seek to call any witnesses. Instead, the petitioner chose to make a statement denying that he threatened the nurse.

Moreover, the DHO is not required to call witnesses. "The DHO need not call repetitive witnesses. The reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO." 28 C.F.R. §541.17(c). As such, the lack of witnesses does not necessarily result in a due process violation. *See Simpson v. Bledsoe*, No. 10-1030, 2010 U.S. App. LEXIS 9145, at *5 n.2 (3d Cir. May 4, 2010).

In this case, the petitioner states, and the DHO Report demonstrates, that in reaching his findings, the DHO relied upon Nurse Cost's incident report and Mr. Weidlich's memorandum. (Doc. No. 1 at 4). Therefore, if Nurse Cost or Mr. Weidlich had been called by the DHO as witnesses, they would have been adverse and repetitive. As such, the DHO was not required to call them to testify. *See* 28 C.F.R. §541.17(c).

Because the petitioner chose not to call any witnesses, and the DHO was not required to call witnesses, the court cannot find that the lack of witnesses at the disciplinary hearing resulted in a violation of petitioner's due process rights. Moreover, based on the documentary evidence relied upon by

the DHO, it is clear to this court that the findings of the DHO were supported by "some evidence" in the record. In addition, it also appears that the findings of the DHO were based on the greater weight of the evidence as petitioner did not submit any evidence to substantiate his denial of threatening Nurse Cost.

Consequently, the court recommends that petitioner's section 2241 habeas petition be dismissed.

## III.    RECOMMENDATION[3]

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the petitioner's petition for writ of habeas corpus, (Doc. No. 1), be **DISMISSED**.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE**: **October 6, 2010**
O:\shared\REPORTS\2010 Reports\10-1242-01.wpd

---

[3] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.