IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 17 2010
PER _____
DEPUTY CLERK

ROBERT CLOUD,
   Petitioner

v.

DAVID EBBERT,
   Respondent

CIVIL NO. 3:10-1242

(Judge Nealon)

(Magistrate Judge Mannion)

# MEMORANDUM and ORDER

On June 14, 2010, Petitioner, Robert Cloud, an inmate confined at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the appropriate filing fee. (Doc. 1). On October 6, 2010, a Report was issued by United States Magistrate Judge Malachy E. Mannion recommending that the petition be dismissed. (Doc. 7). No objections were filed. The matter is ripe for disposition and, for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted.

## Discussion

When objections to a report and recommendation have been filed, the court must make a de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further,

1

the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

Conversely, when no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter, 2008 U.S. Dist. LEXIS at *4-5 (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837, 108 S. Ct. 120, 98 L. Ed. 2d 79 (1987)). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

After reviewing the instant record, no error is discerned from the Report and Recommendation. In his habeas petition, Petitioner states that his good conduct time was revoked in violation of his due process rights. (Doc. 1). After an incident at the health services center at FCI-Allenwood, Petitioner was charged with "Threatening Another with Bodily Harm." (Doc. 1, pg. 4). The incident occurred on May 12, 2010 when Petitioner went to health services to get his insulin. (Doc. 1, pg. 3). A paramedic told Petitioner that he was not going to receive his insulin and Petitioner stated that he would return later in the day to see a doctor. (Doc. 1, pgs. 3-4). When he was leaving, Petitioner allegedly said to a nurse, "I will get you." (Doc. 1, pg. 4).

Petitioner denies making this comment to the nurse, instead he maintains that he said he would get his insulin pass back. (Doc. 1, pgs. 3-4).

Petitioner was charged with "Threatening Another with Bodily Harm" and a hearing was held before the Discipline Hearing Officer ("DHO") on May 27, 2010. (Doc. 1, pg. 3). In rendering his decision, the DHO considered a statement made by Petitioner, the Incident Report, an investigation and a memorandum from the paramedic. (Doc. 1, pg. 5). The DHO ultimately found that Petitioner's statement was threatening in nature and that the evidence supported the underlying charge. (Id.). Petitioner received thirty (30) days of segregation, disallowance of seventeen (17) days of good conduct time, forfeiture of sixty (60) days of non-vested good conduct time and an eight (8) month loss of phone and visitation privileges. (Id.).

Petitioner filed the present habeas petition challenging the revocation of his good conduct time. (Doc. 1). He states that the DHO decision was not based on "some facts" or evidence as required by 28 C.F.R. § 541.17(f).[1] (Doc. 1; Doc. 7, pg. 5). Petitioner states that the DHO decision is void because no witnesses testified at the hearing, the "some evidence" standard has not been met and, therefore, his due process rights were violated. (Doc. 1; Doc. 7, pgs. 5-6).

Magistrate Judge Mannion noted that the DHO advised Petitioner of his rights before the hearing, he waived his right to call any witnesses and the DHO is not required to call witnesses. (Doc. 7, pgs. 6-7) (citing 28 C.F.R. § 541.17(c)) ("The DHO need not call repetitive witness.

---

[1] 28 C.F.R. § 541.17(f) provides, in part,

> The DHO shall consider all evidence presented at the hearing. The decision of the DHO shall be based on at least some facts, and if there is conflicting evidence, it must be based on the greater weight of the evidence.

3

The reporting officer and other adverse witnesses need not be called if their knowledge of the incident is adequately summarized in the Incident Report and other investigative materials supplied to the DHO."). The Magistrate Judge stated that the DHO relied upon the nurse's incident report and the memorandum. (Doc. 7, pg. 7). Thus, if they were called as witnesses, they would have been adverse and repetitive. Additionally, he found that the lack of witnesses is not a violation of Petitioner's due process rights. (Doc. 7, pgs. 7-8). The Magistrate Judge concluded that the DHO decision was based on "some evidence" and he recommended that the habeas petition be dismissed.

Having received no objections and finding no error in the Report and Recommendation, it will be adopted. An appropriate order follows.

Date: November 17, 2010

United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT CLOUD,
    Petitioner

v().

DAVID EBBERT,
    Respondent

: CIVIL NO. 3:10-1242
:
: (Judge Nealon)
:
: (Magistrate Judge Mannion)

## ORDER

**AND NOW**, this 17th day of November, 2010, **IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 7) is **ADOPTED**.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a certificate of appealability.

*[signature]*
**United States District Judge**